UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JONATHAN FERGUSON, )
　) 
　Plaintiff, )
　) Case No. 3:13-CV-417
v. )
　)
CIVIL CITY OF SOUTH BEND, IN, PETE )
BUTTIGIEG, MAYOR, CHARLES HURLEY, )
Interim Chief of Police of the SOUTH BEND )
POLICE DEPARTMENT, PATROLMAN )
ERIC MENTZ, PFC MICHAEL STUK, AND )
OFFICER AARON KNEPPER, )
　)
　Defendants. )

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CIVIL CITY OF SOUTH BEND, IN, PETE BUTTIGIEG, MAYOR, CHARLES HURLEY, Interim Chief of Police of the South Bend Police Department, PATROLMAN ERIC MENTZ, PFC MICHAEL STUK AND AARON KNEPPER**

Comes now the Civil City of South Bend, IN, Pete Buttigieg, Mayor, Charles Hurley, Interim Chief of Police of the South Bend Police Department, Patrolman Eric Mentz, Pfc Michael Stuk and Officer Aaron Knepper, by counsel, Jeffrey L. Sanford, and for their answer to Plaintiff's Complaint for Damages state as follows:

I.   INTRODUCTION

This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§ 12101-12213 (2000), 29 U.S.C. § 794(a) (2000) (ADA and the Rehabilitation Act), 42 U.S.C. §§ 1983 and 1988; under the Indiana governmental tort liability statutes; and under Indiana common law for intentional and/or negligent infliction of emotional distress, deliberate indifference, negligence by the Civil City of

South Bend, failure to train, conspiracy to deprive the Plaintiff of his civil rights, negligent supervision, gross negligence, slander and defamation.

**Answer: Defendants are without sufficient information to admit or deny in as much as this appears to be an introductory Paragraph.**

Defendants, Patrolman Eric Mentz; PFC Michael Stuk; and Officer Aaron Knepper, were not acting in the scope of their employment, when, under color of State law, they unlawfully slashed the Plaintiff's vehicle tire and later forced him to drink a mixture containing cinnamon, and then posted a video of the Plaintiff drinking the cinnamon concoction on Facebook to defame him.

**Answer: Defendants are without sufficient information to admit or deny they were not acting in the scope of their employment, and under color of State law. Defendants deny they unlawfully slashed the Plaintiff's vehicle tire and later forced him to drink a mixture containing cinnamon, and then posted a video of the Plaintiff drinking the cinnamon concoction on Facebook to defame him.**

The Defendants' action caused injury to the Plaintiff.

**Answer: Defendants deny the allegations that they caused injury to the Plaintiff.**

This action is also brought against the Civil City of South Bend, Indiana (hereinafter "City of South Bend"), Pete Buttigieg, the Mayor of the City of South Bend, and Charles Hurley, the Interim Chief of Police of the City of South Bend Police Department, for failure to properly train and supervise the individual Defendants, and for failure to implement a policy for dealing with disabled citizens that does not violate their civil rights or encourage mistreatment of citizens with disabilities, and for establishment of policies, procedures, practices, and customs

that fail to protect and respect the rights of disabled citizens. Our Courts have recognized that how police respond to people with disabilities depends on their training.

**Answer: Defendants admit action is brought against City of South Bend, Pete Buttigieg and Charles Hurley. Defendants deny the remaining allegations.**

## PARTIES

1. The Plaintiff, Jonathan Ferguson, is a citizen and resident of South Bend, Indiana.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.**

2. The Defendant, Charles Hurley is a citizen and resident of South Bend, Indiana and was at all times material to the allegations in this Complaint, acting in his capacity as an Interim Chief of Police of the South Bend Police Department and under color of State law, and is responsible for the supervision and training of the Defendants Patrolman Eric Mentz; PFC Michael Stuk; and Officer Aaron Knepper.

**Answer: Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.**

3. That Defendant Hurley, as the Interim Chief of the South Bend Police Department, is further responsible for making and/or implementing policies and practices used by law enforcement officers employed by the City of South Bend, Indiana, regarding arrest and the use of force.

**Answer: Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.**

4. Defendant Patrolman Eric Mentz is a citizen and resident of South Bend, Indiana and

in his capacity as a police officer employed by the South Bend Police Department, and under color of State law and individually.

**Answer: Defendants are without sufficient information to admit or deny that Patrolman Eric Mentz is a citizen and resident of South Bend, Indiana, but admit in his capacity as a police officer employed by the South Bend Police Department, and is without sufficient information to admit or deny the color of State law and individually contained in Paragraph 4 of Plaintiff's Complaint.**

5. Defendant PFC, Michael Stuk is a citizen and resident of South Bend, Indiana and in his capacity as a police officer employed by the South Bend Police Department, and under color of State law and individually.

**Answer: Defendants are without sufficient information to admit or deny that Patrolman Eric Mentz is a citizen and resident of South Bend, Indiana, but admit in his capacity as a police officer employed by the South Bend Police Department, and is without sufficient information to admit or deny the color of State law and individually contained in Paragraph 5 of Plaintiff's Complaint.**

6. Defendant Officer Aaron Knepper is a citizen and resident of South Bend, Indiana and in his capacity as a police officer employed by the South Bend Police Department, and under color of State law and individually.

**Answer: Defendants are without sufficient information to admit or deny that Patrolman Eric Mentz is a citizen and resident of South Bend, Indiana, but admit in his capacity as a police officer employed by the South Bend Police Department, and is without sufficient information to admit or deny the color of State law and individually contained in Paragraph 6 of Plaintiff's Complaint.**

7. The Defendant City of South Bend is a political subdivision of the State of Indiana, for which Defendants Ptl. Eric Mentz, Pfc. Michael Stuk, and Officer Aaron Knepper, serve as police officers. Defendant Charles Hurley served as the Interim Chief of Police for the City of South Bend, and Defendant Pete Buttigieg serves as the Mayor of the City of South Bend.

**Answer: Defendants admit the allegations contained in Paragraph 7 of the Plaintiff's Complaint.**

8. The City of South Bend has established or delegated to Defendant Hurley the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by the City of South Bend regarding citizens with disabilities.

**Answer: Defendants admit the allegations contained in Paragraph 8 of the Plaintiff's Complaint.**

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC MICHAEL STUK, and OFFICER AARON KNEPPER, FOR VIOLATING THE PLAINTIFF'S CIVIL RIGHTS

9. The Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as set forth in full at this point.

**Answer: Defendants restate all of the foregoing answers to paragraphs of this Complaint as if set forth in full at this point.**

10. This action arises under Title 42 U.S.C. §§ 12101-12213 (2000), 29 U.S.C. § 794 (a) (2000) (ADA and the Rehabilitation Act), 42 U.S.C. §§ 1983 and 1988, and the United States Constitution.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Plaintiff's Complaint.**

11. That at all times mentioned herein, each of the Defendants named in this count was an Agent and/or employee of the City of South Bend, Indiana, and was acting within the course and scope of said agency and/or employment.

**Answer: Defendants admit that at all times mentioned herein, each of the Defendants named in this count was an agent and/or employee of the City of South Bend, Indiana, but are without sufficient information to admit or deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.**

12. That beginning sometime in the summer of 2012, in South Bend, Indiana, the Plaintiff was employed at the 7-Eleven convenience store located at 1827 Miami Street, South Bend, Indiana, working the third shift.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Plaintiff's Complaint.**

13. That several South Bend Police Officers, including the named Defendants, went to the 7-Eleven store and were advised by the Plaintiff that a drunk patron had just left the store in a car and should be stopped.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Plaintiff's Complaint.**

14. The officers stated that they did not want to go after the motorist, because it would require them to spend a lot of time on the paperwork.

**Answer: Defendants deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint.**

15. The Plaintiff, surprised by the officers' response, made a complaint to the South Bend

Police Department. A few days after the Plaintiff's complaint, one of the named Defendants was seen outside of the 7-Eleven store in a marked patrol car.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Plaintiff's Complaint.**

16. The Defendant walked over to the Plaintiff's car and removed an object from his pocket, then bent over by the tire of the Plaintiff's car.

**Answer: Defendants deny the allegations contained in Paragraph 16 of the Plaintiff's Complaint.**

17. Then the three (3) named Defendants came inside of the 7-Eleven and told the Plaintiff that he should check his car tire.

**Answer: Defendants deny the allegations contained in Paragraph 17 of the Plaintiff's Complaint.**

18. The Plaintiff checked his car tire and discovered that it had been punctured by one of the Defendants' use of a sharp object.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Plaintiff's Complaint.**

19. That prior to filing a complaint, the Plaintiff looked at the 7-Eleven surveillance tape and saw only the Defendants around his car.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Plaintiff's Complaint.**

20. The Plaintiff filed a complaint about the incident with the South Bend Police Department, alleging an officer had cut his car tire in retaliation for the complaint he filed when the officers refused to try to locate the drunk motorist.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Plaintiff's Complaint.**

21. After the complaint was filed, the Plaintiff was called down to the South Bend Police Department to look at the video footage of the tire slicing incident, and the Plaintiff noticed that the copy of the tape from the 7-Eleven store now in the possession of the South Bend Police, appeared to be altered from what he had originally seen. The Plaintiff observed that the picture of the incident was obscure. The Plaintiff was later told by another officer with the South Bend Police Department, that juveniles had been arrested for the tire slashing and that there was no need to file a law suit. *(The officer that spoke with the Plaintiff was identified as Lt. Lee Ross).*

**Answer: Defendants admit after the Complaint was filed, the Plaintiff was called down to the South Bend Police Department to look at the video footage. The Defendants deny the tire slicing incident and that the Plaintiff noticed that the copy of the tape from the 7-Eleven store now in the possession of the South Bend Police, appeared to be altered from what he had originally seen. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 21 of the Plaintiff's Complaint.**

22. A Captain Phil Trent of the South Bend Police Department appeared on ABC News and stated that a juvenile had been arrested for the tire slashing.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Plaintiff's Complaint.**

23. In fact, no juvenile(s) were in custody for the incident at the time the Plaintiff was told this information.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Plaintiff's Complaint.**

24. That prior to the misinformation about a juvenile slashing the Plaintiff's tire, two (2) of the Defendants involved in the tire slashing incident had entered the 7-Eleven and bought coffee and soda.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Plaintiff's Complaint.**

25. While there, the two Defendants challenged the Plaintiff, who had been diagnosed with ADHD, to take a "cinnamon challenge," where the Plaintiff was told "if he could swallow a tablespoon of cinnamon, the Defendants would give him a coupon for dinner at Applebees and thirty dollars." The Plaintiff took the challenge and became very ill, vomiting for several hours. The Defendants never honored their pledge to the Plaintiff. The Defendants posted the video of the challenge on youtube.

**Answer: Defendants deny the allegations contained in Paragraph 25 of the Plaintiff's Complaint.**

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR INVASION OF PRIVACY AND DEFAMATION (FIRST AMENDMENT)

26. The Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as set forth at this point.

**Answer: Defendants restate all of the foregoing answers to paragraphs of this Complaint as if set forth in full at this point.**

27. After the incidents, (a) Defendants or their agents reported to the local media, that the Plaintiff's tire had been slashed by a juvenile, and (b) posted the cinnamon challenge on the internet.

**Answer: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 27 of the Plaintiff's Complaint.**

28. That by supplying untrue information to the media and the public, Defendants knew, and intended, that such information would be published to the community. The Defendants' untrue statements to the local media were intended to do malicious harm to the Plaintiff's character.

**Answer: Defendants deny the allegations contained in Paragraph 28 of the Plaintiff's Complaint.**

29. That the Defendants knowingly posted the cinnamon challenge on the internet to humiliate the Plaintiff.

**Answer: Defendants deny the allegations contained in Paragraph 29 of the Plaintiff's Complaint.**

30. The Defendants in doing so, violated the Plaintiff's First Amendment Right to Privacy.

**Answer: Defendants deny the allegations contained in Paragraph 30 of the Plaintiff's Complaint.**

### THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### FOR FAILURE TO PROTECT THE PLAINTIFF

31. The Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as set forth in full at this point.

**Answer: Defendants restate all of the foregoing answers to paragraphs of this Complaint as if set forth in full at this point.**

32. The Defendants, placed the Plaintiff in a position of danger by subjecting the Plaintiff

to pain and suffering from the cinnamon challenge, and then humiliated him by posting this cinnamon challenge on the internet.

**Answer: Defendants deny the allegations contained in Paragraph 32 of the Plaintiff's Complaint.**

33. The Defendants had the present ability to protect the Plaintiff from harm.

**Answer: Defendants deny the allegations contained in Paragraph 33 of the Plaintiff's Complaint.**

34. That the senior police officer present, had the ability to prevent the other Defendants from slashing the Plaintiff's car tire and from giving the Plaintiff the cinnamon challenge, but with reckless disregard and gross negligence, failed to do so.

**Answer: Defendants deny the allegations contained in Paragraph 34 of the Plaintiff's Complaint.**

35. That all the Defendants had the ability to prevent the transmission of false information to the local media and the posting of the humiliating information on the internet, but recklessly and with gross negligence, failed to do so.

**Answer: Defendants deny the allegations contained in Paragraph 35 of the Plaintiff's Complaint.**

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC MICHAEL STUK, OFFICER AARON KNEPPER, MAYOR PETE BUTTIGIEG, THE INTERIM POLICE CHIEF CHARLES HURLEY, AND THE CITY OF SOUTH BEND, INDIANA PURSUANT TO INDIANA GOVERNMENTAL TORT LIABILITY/INDIANA COMMON LAW

36. The Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as set forth at this point.

**Answer: Defendants restate all of the foregoing answers to paragraphs of this Complaint as if set forth in full at this point.**

37. That each Defendant owed the Plaintiff a duty to use due care at or about the times of the aforementioned incident.

**Answer: Defendants deny the allegations contained in Paragraph 37 of the Plaintiff's Complaint.**

38. That in committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

**Answer: Defendants deny the allegations contained in Paragraph 38 of the Plaintiff's Complaint.**

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC MICHAEL STUK, OFFICER AARON KNEPPER, MAYOR PETE BUTTIGIEG, THE INTERIM POLICE CHIEF CHARLES HURLEY, AND THE CITY OF SOUTH BEND, INDIANA PURSUANT TO INDIANA GOVERNMENTAL TORT LIABILITY/INDIANA COMMON LAW
(Negligent Supervision)

39. The Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as set forth in full at this point.

**Answer: Defendants restate all of the foregoing answers to paragraphs of this Complaint as if set forth in full at this point.**

40. That each Defendant owed the Plaintiff a duty to use due care at or about the time of the aforementioned incidents.

**Answer: Defendants deny the allegations contained in Paragraph 40 of the Plaintiff's Complaint.**

41. That the Defendants City of South Bend, and Mayor Pete Buttigieg, negligently

supervised the Interim Chief of Police, Chief Charles Hurley, who in turn negligently supervised Defendants Patrolman Eric Mentz, Pfc Michael Stuk, and Officer Aaron Knepper by failing to provide proper training and proper procedures when confronted with people with disabilities.

**Answer: Defendants deny the allegations contained in Paragraph 41 of the Plaintiff's Complaint.**

42. That in committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

**Answer: Defendants deny the allegations contained in Paragraph 42 of the Plaintiff's Complaint.**

### SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### VIOLATIONS OF THE ADA AND THE REHABILITATION ACT

43. The Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as set forth at this point.

**Answer: Defendants restate all of the foregoing answers to paragraphs of this Complaint as if set forth in full at this point.**

44. That the named Defendants that slashed the Plaintiff's car tire and subjected him to the cinnamon challenge were regular patrons of the Plaintiff's place of employment (7-Eleven).

**Answer: Defendants deny the allegations contained in Paragraph 44 of the Plaintiff's Complaint.**

45. That the Defendants had interacted with the Plaintiff on numerous occasions, and were aware of his disability. The disability itself was immediately apparent to the Defendants, and was the reason the Defendants picked him as they slashed his car tire and subjected him to the cinnamon challenge, causing the Plaintiff to suffer injury and indignity.

**Answer: Defendants deny the allegations contained in Paragraph 45 of the Plaintiff's Complaint.**

46. The Defendants' conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of the Plaintiff.

**Answer: Defendants deny the allegations contained in Paragraph 46 of the Plaintiff's Complaint.**

47. The Plaintiff is a qualified individual with a disability who was otherwise discriminated against by the Defendants, and that discrimination was because of the Plaintiff's disability.

**Answer: Defendants deny the allegations contained in Paragraph 47 of the Plaintiff's Complaint.**

### ATTORNEY FEES

48. That if the Plaintiff prevails in this action, by settlement or otherwise, the Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. Section 1988.

**Answer: Defendants deny the allegations contained in Paragraph 48 of the Plaintiff's Complaint.**

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff brings any state tort claims, these Defendants are immune from liability to Plaintiff pursuant to I.C. § 34-13-3-1, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

Subject to discovery, these Defendants did not proximately cause Plaintiff's damages and injuries, if any be found to exist.

### FOURTH AFFIRMATIVE DEFENSE

Defendants hereby reserve any and all rights they may have to raise additional affirmative defenses that may be developed through the course of discovery in this litigation.

### FIFTH AFFIRMATIVE DEFENSE

Defendants breached no duty owed to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are not liable because they have qualified immunity based on the facts and the law.

### JURY DEMAND

Defendants request trial by jury on all issues so triable in this case.

Respectfully submitted,

s/Jeffrey L. Sanford
Jeffrey L. Sanford, Atty. No. 14111-71
Deputy City Attorney
227 W. Jefferson Blvd., Ste. 1200
South Bend, Indiana 46601
(574) 235-9241

### CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF Filing System which sent notification of such filing to the following: John W. Ulmer, Cataldo Law Offices, Inc., P.O. Box 866, Bristol, IN 46507.

s/Jeffrey L. Sanford
Jeffrey L. Sanford