UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JONATHAN FERGUSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-CV-417 |
| | ) |
| CIVIL CITY OF SOUTH BEND, IN, PETE | ) |
| BUTTIGIEG, MAYOR, CHARLES HURLEY, | ) |
| Interim Chief of Police of the South Bend | ) |
| Police Department, PATROLMEN ERIC | ) |
| MENTZ, PFC MICHAEL STUK, and | ) |
| OFFICER AARON KNEPPER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

Defendants, by counsel, file this Memorandum of Law in Support of Motion for Leave to File Motion for Summary Judgment and in support state:

CASE BACKGROUND

On May 3, 2013 Plaintiff filed a Complaint against Defendants. [*See* DE 1.] On May 16, 2013 Defendants filed a Notice of Removal to Federal Court. [*See* DE 2.] The Report of Parties' Planning Meeting, which was approved by tehe Court with modification, set the discovery deadline to February 1, 2015. [*See* DE 15 and 16.] On March 16, 2015 the Court ordered the parties to file a notice of intent to file Rule 56 motion within seven (7) days. [*See* DE 24.] Neither party filed a notice. On May 26, 2015 Attorneys Agostino and Nemeth entered their appearance and on

1

May 27, 2015 Attorney Sanford filed a motion to withdraw due to Attorney Sanford being appointed to a Magistrate position within St. Joseph Superior Court.  [*See* DE 27-29.]  Defendants' counsel now requests leave to file a Rule 56 motion for summary judgment.

## STANDARD OF REVIEW

"A district court has discretion in managing its caseload."  *Jones v. Coleman*, 39 F.3d 749, 753 (7th Cir. 1994).  Pursuant to F.R.C.P Rule 16(b)(4) the court may modify a scheduling order only for good cause.

## ARGUMENT

Defendants' counsel has requested this leave to allow them to file a Rule 56 motion for summary judgment.  While Defendants recognize the Court set a deadline to file a Notice of their intent to file a Rule 56 motion on March 16, 2015, Defendants contend that there is good cause for leave to allow Defendants to file the Rule 56 motion.

The Complaint has six causes of action against Defendants.  A review of the Complaint shows that Count I is for violation of civil rights under § 1983 against Defendants Mentz, Stuk and Knepper both officially and individually.  Count II is a claim of violation of the First Amendment with allegations of invasion of privacy and defamation originally filed against all defendants.  The Court granted Defendants' Motion to Dismiss Count II against the City of South Bend, Mayor Buttigieg and Interim Chief Hurley.  Count II, therefore, is now only against Officers Mentz, Stuk, and Knepper both officially and individually.

Count III is a failure to protect claim against all Defendants both officially and individually. Count IV is a negligence claim against all Defendants both officially and individually. Count V is a negligent supervision claim against all Defendants both officially and individually. Lastly, Count VI is an ADA claim originally against all defendants, but now against Defendants Mentz, Stuk, and Hurley both officially and individually.

Defendants contend that a motion for summary judgment is necessary to provide the Court the opportunity to review the claims and dismiss those actions that Plaintiff cannot succeed upon at trial. Defendants submit there is good cause to allow the motion for summary judgment because to go forward on all the remaining issues would confuse the jury. Furthermore, Defendants submit that Plaintiff will be unable to present evidence to sustain most, if not all, of his claims. Ultimately, Defendants would request a directed verdict on these issues, and, therefore, for the efficiency of the legal process, Defendants request the opportunity to present arguments on the issues through a motion for summary judgment.

Specifically, Defendants contend that all but Plaintiff's state negligence claim against the individual officers should be dismissed. The following is a summary of the arguments made in the Memorandum of Law in Support of the Motion for Summary Judgment attached as Exhibit "B," to the Motion for Leave:

1. Counts 1-3 all allege actions pursuant to §1983, but Plaintiff has alleged the officers were acting outside the scope of their employment. As such, pursuant to *Wilson v. Price*, 624 F.3d 389, 392-93 (7th Cir. 2010), "a public official

must have acted under color of state law to deprive another of some federally guaranteed right." If the Defendant officers were acting outside the scope of their employment they could not have been acting under color of state law, and therefore, §1983 does not apply to this case, and those three Counts should be dismissed.

2. The official capacity claims in Counts I-III and the claim against the City of South Bend in Count III should be dismissed because Plaintiff has not provided any allegations to show there is an official custom or policy that was followed which caused the injury. All official capacity claims are simply claims against the governmental entity. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n.55 (1978). Plaintiff must show "an official policy, widespread custom or deliberate act of a county decision-maker of the municipality or department" "was the cause of the alleged constitutional violation" in order to maintain §1983 claims against a governmental entity (the City of South Bend). *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) Plaintiff has not alleged such a policy or custom was in place, followed, or was the cause of the injury, and as such it is appropriate to dismiss the official capacity claims in Counts I-III and Count III as it relates to the City of South Bend.

3. Plaintiff lacks standing to bring a claim pursuant to §1983 against the individual defendants for a failure to investigate and for transmission of untrue statements. "Plaintiff must have suffered an 'injury in fact- an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Snyder v. Smith*, 7 F.Supp.3d 842, 856

4

(S.D. Ind. 2014)(citations omitted). Second, "there must be a causal connection between the injury and the conduct complained of – the injury must be 'fairly traceable to the challenged action of the defendant.'" *Snyder*, 7 F.Supp.3d at 856 (citations omitted). Last, "it must be likely that the harm is redressable by a favorable decision." *Id*. Plaintiff cannot demonstrate any "injury" suffered by him that is redressable through a §1983 claim for the police officers failure to investigate a complaint he made about a drunk patron, and for the South Bend Police Department's decision to make a public statement about a juvenile being responsible for the tire slashing.

4. "[D]efamation by a government actor does not implicate the Due Process Clause unless 'a right or status previously recognized by state law was distinctly altered or extinguished' as a result." *Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010) (quoting *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)). Plaintiff will be unable to meet his burden since he was still employed by his employer 7-Eleven after the posting of the cinnamon challenge he cannot show a tangible loss of employment, and, therefore, his §1983 action against the Defendant Officers for the posting of the cinnamon challenge must be dismissed.

5. Plaintiff's First Amendment claim fails because he only claims defamation and invasion of privacy. Defamation alone, as shown above, is not sufficient to maintain a §1983 claim. Further, Plaintiff cannot show invasion of privacy in a fundamental activity. *Paul*, 424 U.S. at 712-713.

6. The third claim for failure to protect against Defendants City of South Bend, Hurley and Buttigieg should be dismissed since Hurley and Buttigieg were not in a position to know of the acts of the other officers, nor did they have a realistic opportunity to intervene. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009) (citation omitted). As for the City of South Bend, Plaintiff failed to allege any custom or policy involved in the alleged constitutional violation. *See* Subparagraph 2 above.

7. Plaintiff failed to allege that Officers Mentz, Stuk and/or Knepper were in any supervisory role in order to be vicariously liable for another officer's negligence, or to be found liable for negligent supervision.

8. The City of South Bend should be dismissed from the state claim of negligence since Plaintiff has alleged the officers were acting outside the scope of their employment. *Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008)(citations omitted). Furthermore, the claim against the City for negligent supervision should be dismissed because Plaintiff cannot demonstrate the City knew or should have known of a need to prevent the alleged harm that occurred to Plaintiff from occurring in the first place. *Sims. v. Humane Soc. Of St. Joseph County Indiana, Inc.*, 758 F.Supp.2d 737, 750 (N.D. Ind. 2010)(citations omitted).

9. Defendants Hurley and Buttigieg were apparently acting within the scope of the employment, and therefore, are immune from liability for the claims of negligence and negligent supervision. Ind. Code § 34-13-3-5(c).

10. Plaintiff cannot maintain an ADA claim against Defendants Mentz, Stuk and Knepper, because Plaintiff's claim as provided in the Complaint does not fit within the purview of the type of discrimination covered by the ADA. Plaintiff's claims do not relate to discrimination in employment, in participation of benefits in a program or service, or in enjoyment of any public accommodation. 42 U.S.C. §§ 12112, 12131, and 12182.

Granting Defendants leave to file a motion for summary judgment will not delay any other deadlines previously set by this Court. Furthermore, the Court has not set a trial date. Additionally, Defendants are not requesting this leave to delay this matter, but instead, in order to streamline the issues to be tried to a jury at a later date.

WHEREFORE, Defendants, by counsel, respectfully request the Court grant their Motion for Leave to File Motion for Summary Judgment, and for all other just and proper relief.

Respectfully submitted,

/s/ Stephanie L. Nemeth
Peter J. Agostino (#10765-71)
Stephanie L. Nemeth (25721-71)
Anderson Agostino & Keller, P.C.
131 S. Taylor Street
South Bend, IN 46601
Telephone: (574) 288-1510
Facsimile: (574) 288-1650
E-mail: agostino@aaklaw.com
E-mail: nemeth@aaklaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 5th day of October, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Johnny W. Ulmer at jake2737@gmail.com

/s/ Stephanie L. Nemeth  
Stephanie L. Nemeth (#25721-71)
