UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JONATHON FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-417 |
| ) | |
| CIVIL CITY OF SOUTH BEND, IN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on the Verified Notice of Showing Good Cause [DE 42] filed by the plaintiff, Jonathon Ferguson, on January 6, 2016.

*Background*

The plaintiff, Jonathon Ferguson, has filed six claims against the defendants, Charles Hurley, Interim Chief of Police of the South Bend Police Department, Patrolman Eric Mentz, PFC. Michael Stuk, and Officer Aaron Knepper of the South Bend Police Department, the City of South Bend, and Pete Buttigieg, Mayer of the City of South Bend. His six claims include three counts related to § 1983, two state law claims, and a discrimination claim based on the ADA.

Ferguson has alleged that he worked at a 7-Eleven convenience store in South Bend during the summer of 2012. During one of his shifts, Mentz, Stuk, and Knepper (officers) went to the 7-Eleven store, and Ferguson informed them that a drunk customer had just driven away and should be stopped. Ferguson has claimed that the officers refused to pursue the driver because they said it would have required them to complete a lot of paperwork. Ferguson then filed a complaint with the South Bend Police Department regarding the officers' conduct.

A few days after Ferguson filed his complaint, he saw one of the officers outside the 7-Eleven in a marked patrol car.  Ferguson then saw the officer walk toward his car, remove an object from his pocket, and bend over near the car's tire.  He has claimed that the officers then came into the store and told him to check his tire.  Ferguson then went outside and discovered that his tire had been punctured.  Ferguson later watched the store's surveillance tape and saw only the officers near his vehicle.  Therefore, Ferguson filed a second complaint with the South Bend Police Department alleging that one of the officers slashed his tire in retaliation for his first complaint.

After Ferguson filed his second complaint, he was called to the police department to watch the surveillance video of the tire slashing.  He has claimed that the video he saw was altered from the video he watched initially at the store.  An unnamed officer told Ferguson that juveniles were arrested for the tire slashing.  Additionally, Captain Phil Trent appeared on ABC News and stated that a juvenile was arrested for the incident.  Ferguson has claimed that no juveniles were in custody when the officer told him they were arrested.

Before the above news report, two of the named officers went into the 7-Eleven to purchase coffee and soda.  Ferguson has claimed that they challenged him to take a "cinnamon challenge," which required Ferguson to swallow a tablespoon of cinnamon.  He claimed that the officers offered him thirty dollars and an Applebee's coupon if he completed the challenge. After completing the challenge, Ferguson became ill and vomited for several hours, and the officers did not honor their offer.  Ferguson also has claimed that the officers filmed the challenge and posted it on YouTube.

After discovery closed, this court ordered the parties to participate in a settlement conference with Magistrate Judge Andrew P. Rodovich.  Ferguson and his attorney, Johnny

Ulmer, did not appear at the January 4, 2016 conference. Attorney Ulmer has claimed that he and Ferguson did not appear because he contracted food poisoning December 30, 2015 and had been sick for the previous week. He also has claimed that he was in the process of moving his office to a different building and that his illness prevented him from completing the move. Because he had not completed the move, Attorney Ulmer has alleged that he did not have staff, office phones, or a computer to contact the court. The defendants' counsel has indicated that Attorney Ulmer emailed her on December 30, 2015, during the period he was sick, regarding a separate case. The defendants incurred $1,131.36 in fees and costs to attend the settlement conference.

*Discussion*

**Federal Rule of Civil Procedure 16(f)** allows a court to sanction a party for failing to appear at a scheduling or pretrial conference. The court may order any sanction authorized by **Federal Rule of Civil Procedure 37(b)(2)(A)** and may impose attorney's fees and costs. **Rule 16(f)**. **Rule 37(b)(2)(A)** authorizes the court to order a variety of sanctions, including dismissing the action in whole or in part. The court should consider several factors when determining which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." ***Rice v. City of Chicago***, 333 F.3d 780, 784 (7th Cir. 2003) (citing ***Williams v. Chi. Bd. of Educ.***, 155 F.3d 853, 857 (7th Cir. 1998)). The court commits a legal error if it dismisses a suit after the first problem without exploring alternatives or explaining why alternative sanctions would not be worthwhile. ***Sroga v. Huberman***, 722 F.3d 980, 982 (7th Cir. 2013). The sanctions must be proportional to the party's misconduct. ***Collins v. Illinois***, 554 F.3d 693, 696–98 (7th Cir. 2009). The court

measures this by weighing the proposed sanctions against the egregiousness of the party's conduct.  ***Barnhill v. United States***, 11 F.3d 1360, 1368 (7th Cir. 1993).

Ferguson and Attorney Ulmer failed to appear at the January 4, 2016 settlement conference.  Attorney Ulmer has claimed that they did not appear because he had a case of food poisoning that began seven days earlier.  He also has claimed that he could not inform the court of his illness because he was moving offices and did not have staff to call the court or phones or a computer to contact the court.  However, the defendants have demonstrated that Attorney Ulmer emailed their counsel during his illness.

Attorney Ulmer has not shown good cause for their failure to appear or to contact the court.  The defendants demonstrated that he had access to email during his illness and that he could have called the court or opposing counsel from a cell phone or other non-office phone.  Because Attorney Ulmer has not demonstrated good cause, this court **RECOMMENDS** that he pay the defendants' fees and costs from the settlement conference, totaling $1,131.36.

This court also finds Ferguson's claims questionable and possibly frivolous.  Ferguson has claimed that the officers did not act in the scope of their employment when they slashed his tire, forced him to take the "cinnamon challenge," and posted a video of the challenge online to defame him.  It is unclear how § 1983 applies if the officers were not acting within the scope of their employment.  It is also unclear how the City of South Bend is liable for their employees' acts when the officers were not acting in their official capacities.  Moreover, this court questions whether Ferguson can demonstrate damages redressable through a § 1983 action.  Additionally, Ferguson has not alleged that the news report concerning the juveniles' arrest ever mentioned him by name.  Considering the above, this court **RECOMMENDS** that the court dismiss Ferguson's claims as a sanction for failing to appear at the settlement conference.

Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections.  The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  **Federal of Civil Procedure 72**; *see Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

ENTERED this 20th day of January, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge